Oakley J.
This is a motion for a new trial, by the plaintiff, on a case made. The first objection raised, is to the admission, in evidence, of a certain article of agreement, between the defendants and one Stimpson, dated the 9th of August, 1826. The action was brought to charge-the defendants, as partners, and the agreement in question, was offered, to show what in fact was the nature of the connexion, in business, between them. For this " purpose it was competent, though by no means conclusive evidence. The declarations of the defendants, at a period subsequent to the commencement of their business, could not be admitted; but the agreement, in pursuance of which the business itself was commenced, has always been received as competent.
The defendants also offered in evidence, an instrument in - writing, signed by the plaintiff, dated on the 4th of June, 1828, in which the defendant, Stickney, was stated to be the agent of Roulstone. This was objected to by the plaintiff, but admitted by the Judge. No ground for this objection appears, by the case, to have been stated at the time it was made, and the paper, on its face, was clearly competent evidence. It contained an acknowledgment, that Stickney was merely the agent, and, of course, not the partner of Roulstone, and being signed by the plaintiff, was manifestly admissible, as his act. The objection to its admission, was, therefore, properly overruled. In a subsequent stage of the trial, it was proved, that this paper was signed by the plaintiff and others, creditors of Roulstone, upon an attempted settlement of their demands, and under an understanding, that no admissions, *356 or statements, made by either party on that occasion, should be given in evidence. It does not appear, however, that when the - . , . . , . . proof was given, or at any subsequent period of the trial, the Judge was called upon to exclude the paper in question, or that his attention was directed to the effect of this proof upon the question of its admissibility. Under these circumstances, I think the plaintiff cannot now be permitted to object, that the Judge erred in his charge, in submitting the paper to the consideration of the jury. The plaintiff should then have excepted to that part of the charge. If he had done so, there would have been an opportunity (if the objection had been considered tenable) of withdrawing the paper from the jury. A party cannot suffer evidence to be submitted, without question to the jury, take the chance of their verdict being and in his favor, afterwards apply for a new trial, on the ground of an objection made, for the first time, upon the argument of the case. The correct rule is, that if evidence is competent, at the time it is objected to, and the objection is overruled, and it is rendered incompetent by subsequent proof in the course of the trial, the objection must be renewed, or the party must be held to have waived the right to object.
The third and principal objection made by the plaintiff is, that the Judge erred in charging the jury; that the action could not be maintained, on the ground of the admission of the parties, of the fact of partnership, unless they were satisfied that the defendants had both made such an admission. It is conceded, that Roulstone is responsible to the plaintiff for the demand, for which the suit is brought, and there is abundant evidence in the case, to show that Stickney admitted, and represented himself to be a partner of Roulstone. Under such circumstances, the plaintiff contends he is entitled to recover against both, and he relies, for the support of this position, on the case of De Berkom, v. Smith & Lewis, [1. Esp. Rep. 29.] In that case, Lord Kenyo'n is reported to have said, “ that though in point of fact, parties are not partners in trade, yet “ if one so represents himself, and by that means gets credit for goods for the other, that both shall be liable.”
I cannot accede to the correctness of this principle, in the general terms in which it is laid down, if indeed it can be considered *357 as applicable to the facts, in the case then before his lordship. If the party representing himself to be a partner, does so with the knowledge of the other, or if the party obtaining the goods, knows that they are delivered on the faith of a representation by another,, that he is a partner, the law may well raise a joint assumpsit against both, though no partnership in fact exists. But I apprehend, that a joint assumpsit, against two defendants, can never be supported without evidencé, express or implied, that both have assented to the contract. In the present case, the admission by Roulstone, that he is liable to the plaintiff, is by no means evidence that he is liable together with Stickney. It establishes an individual, not a joint assumpsit. The admission by Stickney, of the fact of copartnership, although conclusive as to him, cannot effect the other defendant; for it is well settled, that the confessions or declarations of one defendant, that he is a partner, cannot be used to establish the fact of partnership against another. [Whitney v. Ferris and others, 10. J. R. 66. 4. Stark’s Ev. 1072.] To permit the confessions of Stickney to implicate Roulstone, as a partner, would be making for the latter a contract to which he never assented, and the practical effect might be, (and indeed it is suggested, that such is the case in the present instance,) to deprive them of the benefit of using Stickney as a witness. A witness is never excluded as interested, on the ground that he has admitted his interest, as that might lead to fraudulent and collusive consequences ; and the same principle may fairly be applied, to admissions of a joint liability with others, as the same consequences might follow.
I am of opinion, therefore, that there was no error, in the charge of the Judge, in this respect, and the motion for a new trial must be denied.

Motion for a new trial denied.

[Judah, Atty. for the plff. C. Walker, Atty. for the defts.]